■ In the Matter of the Claim of COMMISSIONER OF TAXATION AND FINANCE, Respondent, v TARRY BRAE HOTEL, INC., Doing Business as GILBERT'S HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed April 13, 1973, as amended by decision filed June 29, 1973 and November 18, 1976, as amended by decision, filed January 18, 1977, which reversed a referee's decision finding that Howard Silverberg did not die from a compensable industrial accident, and that prior to his death Silverberg had been illegally employed by the employer and affirmed a referee's decision finding that this is a "no-dependency" claim and making appropriate awards to the Special Funds under the provisions of subdivision 9 of section 15, subdivision 3 of section 25-a and section 14-a of the Workmen's Compensation Law. The board found: "The decedent, Howard Silverberg, sustained fatal injuries on 12/26/65 while a passenger in an automobile owned by Bernard Katz and operated by a co-employee, Jay A. Katz, who also sustained a fatal injury when the vehicle was involved in an accident. * * * the carrier had full opportunity to contest the decision in the Katz claim and that such decision is controlling in the Silverberg claim. * * * decedent on 12/26/65 was enroute from the quarters provided by the employer to the hotel where he was employed to go swimming, that this swimming activity was not prohibited but was permitted by the employer. * * * the fatal injury while enroute to the hotel premises was reasonably incidental to and a risk of the employment and * * * the fatal accident arose out of and in the course of his employment." In its supplemental decision, the board further found that, "the carrier is estopped from denying liability in the No-Dependency Death Fund Claim." There is substantial evidence to sustain the determination of the board. Decisions affirmed, with costs to the Workmen's Compensation Board. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.